## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

CHARLOTTE A. GREEN                                                              PLAINTIFF

v.                                          4:20-cv-00131-BSM-JJV

ANDREW SAUL,
Commissioner,
Social Security Administration,                                                 DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Brian S. Miller.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

This matter was referred back to me for reconsideration in light of the information provided in Plaintiff's Objections to Proposed Findings and Recommended Disposition."  (Doc. No. 13-14.)  After reconsidering Plaintiff's Objections, I make the following recommendation.

Plaintiff was awarded supplemental security benefits as of January 10, 2019.  However, she believes she was wrongly denied benefits beginning on her alleged onset date of   September 1, 2013.  The date of disability is critical in this case because Plaintiff's disability insured status expired on December 31, 2017.  So, the issue in this case is, whether or not Plaintiff should be

considered disabled prior to January 10, 2019.  Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).  After careful review of the pleadings and evidence in this case – including her Objections - I find the Commissioner's decision is supported by substantial evidence and recommend the Petition be DISMISSED.

Plaintiff is fifty-one years old.  (Tr. 41.)  She has bachelor's degree (Tr. 42) and past relevant work in accounting.  (Tr. 27.)

The ALJ[1] found Ms. Green had not engaged in substantial gainful activity since September

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

1, 2013 - the alleged onset date.  (Tr. 18.)  She has a number of "severe" impairments, (i*d.*), but the ALJ found Ms. Green did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 18-19.)

The ALJ determined Ms. Green had the residual functional capacity (RFC) to perform a reduced range of sedentary work given her physical and mental impairments.  (Tr. 20.)  Given her RFC, the ALJ determined Ms. Green could no longer perform her past relevant work.  (Tr. 26-27.)  Since Ms. Green is unable to perform her past relevant work, the ALJ called upon a vocational expert to help determine if Ms. Green could perform substantial gainful activity given her RFC.  (Tr. 55-58.)  Based in part on the vocational expert's testimony, the ALJ concluded Plaintiff could perform the jobs of order clerk, information clerk and charge account clerk.  (Tr. 28.)   Accordingly, the ALJ determined Ms. Green was not disabled as of January 10, 2019. (*Id.*)  However, the ALJ stated, "Beginning on the date the claimant's age category changed, considering the claimant's age, education, and work experience, a finding of 'disabled' is reached by direct application of the Medical-Vocational Rule 201.14."  (*Id.*)  Because Plaintiff's date of last insured for disability insurance benefits was December 31, 2017, Plaintiff was awarded only supplemental security income benefits beginning January 10, 2019.  (*Id.*)

The Appeals Council considered additional evidence but denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-6.)  Plaintiff filed the instant Petition initiating this appeal.  (Doc. No. 2.)

Plaintiff began receiving disability benefits as of January 10, 2019.  But in support of her Complaint, Plaintiff says the ALJ incorrectly determined she was not disabled prior to the

---

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

expiration of her disability insurance benefits. (Doc. No. 9.) Among other things, she believes the ALJ's RFC assessment and his evaluation of her subjective symptoms were flawed. After careful review, for the following reasons, I find Plaintiff's arguments are without merit.

With regard to Ms. Green's RFC, the ALJ gave great weight to the assessment of Plaintiff's treating physician, Columbus Brown, IV, M.D. (Tr. ) The ALJ stated, "In May 2018, Dr. Brown issued a second opinion stating that the claimant was limited to lifting and carrying 10 pounds, no limitations in sitting, but standing/walking limited to two hours in an eight-hour day." (Tr. 25.) Dr. Brown's assessments are fairly consistent with the ALJ's determination that Plaintiff could perform a reduced range of sedentary work. (Tr. 1250, 1263, 1332-33.) Additionally, as the Commissioner points out, it is significant that Plaintiff's condition with conservative treatment, namely ibuprofen. (Tr. 1351, 1363-65, 1369-71.) After close review of the ALJ's decision and the medical evidence, I find no reversible error with the ALJ's RFC assessment.

Plaintiff also argues that the ALJ incorrectly assessed her subjective symptoms. The ALJ analyzed Ms. Green's symptoms in light of Social Security Ruling 16-3p. (Tr. 20-26.) That ruling fairly tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;

> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

I find the ALJ thoroughly evaluated her subjective complaints. The record reveals that the degree of Plaintiff's subjective complaints of pain and limitation were not consistent with her doctor's objective findings on examination. (Docs. No. 1075, 1091, 1149, 1184, 1191, 1196, 1198, 1252, 1255, 1352-1353.) Plaintiff's doctors also largely only prescribed conservative treatment.

As the ALJ concluded, ". . . the overall nature and severity of the claimant's diagnosed conditions and associated impairments have not been as severe, debilitating and/or resistant to improvement with medical treatment intervention as alleged by the claimant." (Tr. 26.) The ALJ's conclusion is supported by the objective medical evidence. Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has not met that burden. The degree of Ms. Green's alleged limitation is simply not supported by the overall record. The ALJ accurately accounted for the limitations supported by the record and correctly concluded Plaintiff could perform a reduced range of sedentary work activities. Accordingly, I find no basis to overturn the ALJ's subjective symptom evaluation or RFC.

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. Ms. Green clearly has limitations and some serious health issues. However, being mindful of the "substantial evidence" test in these cases, the record contains adequate

objective medical evidence to support the ALJ's determination here.

Plaintiff also says, "During the period prior to Plaintiff's last date insured she was diagnosed with Stage 1 bladder cancer, Stage 1 cervical cancer and thyroid cancer." (Doc. No. 9 at 4.) She believes the ALJ incorrectly determined these impairments were not "severe." (*Id.*) The ALJ concluded, "The record does not reveal a history of regular, consistent, and ongoing medical treatment or evidence of any limitation caused by these impairments. No physician of record has determined that any of [these] impairments in any way prevented the claimant from performing work activities or that the claimant has any exertional or functional limitations/restrictions as a result of these conditions." (Tr. 18.) While these impairments are serious, the ALJ's determination is supported by the objective medical evidence. (594-607, 610-613, 625-628, 656-58, 672-74, 893.)

I have also carefully reviewed Plaintiff's Objections and find they are mainly based on Plaintiff's subjective allegations and fail to merit an opposite decision. Plaintiff's Objections provide no new information. And it is critically important that - given the Court's review for substantial evidence - the ALJ's decision was largely based on the assessment of Plaintiff's treating physician, Columbus Brown, IV, M.D. As treating physician, Dr. Brown was in the best position to provide an accurate assessment of Plaintiff's overall medical condition. As previously recounted, *supra*, Dr. Brown clearly did not believe Ms. Green was disabled as of December 21, 2017. (1332-33.)

Again, Plaintiff unquestionably suffers from some degree of pain and limitation given the combination of her impairments. And her counsel continues to admirably advocate for her rights in this case. However, the objective medical records simply fail to support a claim of *complete disability* prior to January 10, 2019.

Plaintiff originally advanced other arguments which I considered and still find to be without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, the medical and other evidence, and the objections. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 30th day of October 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE